wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ealene Quarles,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br><br>　　　　Defendant. | No. CV-09-01015-PHX-ROS<br><br>**ORDER** |

Before the Court is Plaintiff's Opening Brief in Support of Vacature of the Decision of the Commissioner of Social Security. (Doc. 13). For the reasons discussed below, Plaintiff's requested relief will be granted.

**PROCEDURAL HISTORY**

In October 2004, Plaintiff filed applications for disability insurance benefits and supplemental security income based on disability beginning in May 2004. Her applications were denied initially, on reconsideration, and finally by an Administrative Law Judge ("ALJ") on August 23, 2007. The Appeals Council denied Plaintiff's request for review. On May 13, 2009, Plaintiff filed a Complaint for judicial review of the ALJ decision.

## BACKGROUND

Plaintiff was approximately 30 years old at the time she applied for social security benefits. Her alleged impairments are affective disorders, anxiety disorders, fibromyalgia, chronic headaches and joint pain, asthma, and a blood disorder. Of these impairments, Plaintiff states that only her mental impairments and fibromyalgia are relevant to the present appeal. Plaintiff's past work included positions as a certified nursing assistant and as a telemarketer.

## STANDARD OF REVIEW

The Court reviews the factual findings of an SSA Administrative Law Judge for lack of substantial evidence. *See* 42 U.S.C. § 405(g). The substantial evidence standard is somewhere between a scintilla and a preponderance. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (*per curiam*). Under this standard, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court also reviews the ALJ's decision for legal error. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). The claimant carries the burden to prove disability and failure to prove disability justifies denial of benefits. *See id.*

## DISCUSSION

### I. Five-Step Disability Determination Procedure

A five-step evaluation process is used to determine whether a claimant is disabled. To establish disability, a claimant must show: (1) she is not currently working, (2) she has a severe physical or mental impairment, (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. 20 C.F.R. § 404.1520. Finally, at step five (5), the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work. Id.

## II. ALJ's Findings

The ALJ found Plaintiff had not performed substantial gainful activity during the relevant period, suffered severed impairments, and did not meet the criteria for presumptive disability. The ALJ found Plaintiff had the residual functional capacity to perform light work, with mental limitations allowing for light stress work with no high production quotas, and the ability to avoid confrontational roles. The ALJ found Plaintiff could not perform her past relevant work, but could perform other work as a food preparer or cashier.

## III. Plaintiff's Arguments

Plaintiff argues the Administrative Law Judge's denial of her benefits claim should be reversed because it was not supported by substantial evidence and was not based on the application of the proper legal standards. Specifically, Plaintiff argues the ALJ erred by: (1) rejecting the assessments of her treating physicians, Ravi Bhalla, M.D., and Rajesh Bhakta, M.D.; (2) rejecting the assessment of the examining psychologist, Robert Henley, M.D.; and (3) rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons for doing so. These arguments will be considered in turn.

### A. Assessments of Treating Physicians

The opinions of treating physicians are given more weight than the opinions of non-treating doctors. *Reddick v. Charter*, 157 F.3d 715, 725 (9th Cir. 1998). When the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. *Id.* Even if the treating physician's opinion is contradicted by another doctor, the ALJ must still provide "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* Dr. Ravi Bhalla and Dr. Rajesh Bhakta's opinions may be contracted by other doctors, and thus subject to the lower "specific and legitimate" standard. The ALJ does not expressly state that their opinions are contradicted by other doctors. In any case, the Court finds the ALJ erred even under the lower standard by failing to provide "specific and legitimate" reasons for rejecting the opinions of the treating physicians.

### 1. Dr. Ravi Bhalla

Dr. Ravi Bhalla began treating Plaintiff in July 2005. He diagnosed her with fibromyalgia and chronic fatigue syndrome. On July 29, 2008, Dr. Bhalla filled out a disability determination form, on which he checked boxes indicating Plaintiff has physical or mental impairments preventing her from performing substantial gainful employment for a continuous period of at least 12 months. (TR 629). The ALJ rejected Dr. Bhalla's assessment as being "not consistent with the treatment records." (TR 27). This single, vague statement does not constitute a specific and legitimate reason for rejecting Dr. Bhalla's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ does not cite to any particular treatment records, or offer a single example of how such records contradict Dr. Bhalla's opinion. Defendant argues there were various grounds on which the ALJ could have properly rejected Dr. Dr. Bhalla's opinion. Those grounds cannot be considered because they were not set forth by the ALJ. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### 2. Dr. Rajesh Bhakta

Dr. Rajesh Bhakta began treating Plaintiff in June 2006. Dr. Bhatka completed two checklist-style questionnaires, in which he opined that Plaintiff had "severe myalgia [muscle pains], fatigue, intractable migraines, joint pains, [and] recurrent UTI [urinary tract infections]." (TR 906). As a result of these impairments, Dr. Bhakta opined that Plaintiff was unable to occasionally carry more than 10 pounds, to stand or walk for more than 2 hours in an 8 hour work day, to sit for 6 hours in an 8 hour work day, and she would require occasionally alternating between sitting and standing. (TR 906-07). On a pain questionnaire, Dr. Bhakta checked off boxes indicating Plaintiff suffered severe pain precluding her ability to function. (TR 909). Dr. Bhakta indicated the pain would constantly interfere with her attention and concentration, and would frequently result in her being unable to complete tasks in a timely manner. (TR 909-10).

The ALJ rejected Dr. Bhakta's assessment because it was "inconsistent with the highly functional person who presented at the hearing." (TR 27). The ALJ also rejected Dr. Bhakta's assessment of her pain and its effect on her functional abilities for being unsupported by recent treatment notes, the opinions of other doctors, and the record as a whole. The ALJ also noted that nothing in the record showed Dr. Bhakta's medical specialty includes assessing the effects of pain on attention and concentration.

The ALJ's reasons again are too vague to constitute specific and legitimate reasons for rejecting Dr. Bhakta's assessment. The ALJ does not explain how Plaintiff was highly functional at the hearing, or why such functionality would contradict Dr. Bhakta's assessment. If the ALJ was referring to Plaintiff's ability to attend a hearing and testify about her symptoms, it is unclear how that ability would contradict Dr. Bhakta's assessment. Because the ALJ does not indicate what functional abilities he is referring to, however, the Court can only speculate. Without more explanation from the ALJ about why Plaintiff's capacity to function at the hearing contradicts Dr. Bhakta's opinion, simply citing her behavior at the hearing is not a legitimate reason to discount Dr. Bhakta's opinion: "The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible." *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984).

The other reasons provided by the ALJ—that Dr. Bhakta's assessment is unsupported by treatment notes, other doctors, and the record as a whole—are vague and too conclusory. The ALJ does not point to any particular treatment notes or explain why they are inconsistent with Dr. Bhakta's assessment. The ALJ does not identify any other doctors or explain why their opinions contract Dr. Bhakta's opinion. The ALJ's conclusory citation to the "record as whole" is the opposite of a "specific" reason. Because the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Bhakta's opinion, the ALJ's rejection of it was improper.

### B. Assessment of Examining Psychologist, Dr. Robert Henley

The opinions of examining physicians are generally given more weight than non-examining sources. 20 C.F.R. § 404.1527(d)(1). To reject the opinion of an examining physician, the ALJ must give "clear and convincing" reasons unless the opinion is contradicted by another doctor. *Regennitter v. Commr., Soc. Sec. Admin.,* 166 F.3d 1294, 1298 (9th Cir. 1999). Even if the examining physicians' opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate" reasons for rejecting it. *Id.* Plaintiff concedes Dr. Henley's opinion is contradicted by the opinion of Dr. Tromp, such that the specific and legitimate standard applies. (Doc. 22 at 7).

Dr. Robert Henley performed a psychological consultative examination on April 24, 2007. Dr. Henley diagnosed bipolar disorder and possible personality disorder. Dr. Henley opined that Plaintiff would "likely have difficulty adjusting in the work environment. Her cognitive ability is of no particular concern but the mood swings, physical illness, job reliability, and difficulty coping with stress would all be problematic." (TR 901).

The ALJ rejected this statement by Dr. Henley because it was primarily based on Plaintiff's own subjective statements, which the ALJ found not fully credible.[1] If an ALJ determines a claimant's statements are not fully credible, it is reasonable to discount a physician's assessment that is based on those statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Where the physician does not discredit the patient's subjective complaints and supports his ultimate opinion with his own observations, however, it is improper for the ALJ to reject the physician's opinion merely based on doubts about the claimant's credibility. *Ryan v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1194, 1200 (9th Cir. 2008). The evidence in the record shows Dr. Henley did not discredit Plaintiff's

---

[1] Defendant argues the ALJ also rejected Dr. Henley's opinion as being inconsistent with his medical source statement. The ALJ was unclear whether he was rejecting Dr. Henley's opinion on this ground (the meaning of the sentence Defendant relies on is ambiguous). In any case, this does not constitute a specific reason; the ALJ does not explain how or why the opinion is inconsistent with the medical source statement.

1 complaints, and he based his opinion on his own observations about her appearance, mood, and behavior, in addition to her subjective statements. (TR 899). There is no evidence that his opinion was based "primarily" on Plaintiff's subjective complaints, particularly in view of his ultimate diagnosis of bipolar disorder and possible personality disorder. The ALJ thus failed to provide a specific and legitimate reason for rejecting Dr. Henley's opinion.

### C. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to provide adequate reasons for rejecting her symptom testimony as not credible. Where the record contains objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms complained of, and there is no affirmative evidence of malingering, a finding that the claimant is not credible must be based on "clear and convincing reasons." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The parties do not dispute that objective evidence in the record shows Plaintiff suffers from impairments that could reasonably produce the symptoms of which she complained, such that the clear and convincing standard applies.

The ALJ found Plaintiff's testimony about her symptoms not fully credible because: (1) she was able to perform part-time work, (2) she testified she only weighed 115 lbs because she would occasionally miss meals, yet the record showed she had consistently weighed between 111-114 lbs, and a doctor described her as well-developed and well-nourished, and (3) she testified her medicines do not work sometimes, yet there is evidence her medications were effective because she reported not having headaches or joint pain on several visits to the doctor. (TR 26). Plaintiff's testimony that she only weighed 115 lbs because she occasionally missed meals is not inconsistent with evidence in the record that her average weight was slightly less; this is not a clear and convincing reason to discount Plaintiff's credibility. Her testimony that her medicines do not work at times is not inconsistent with her having reported to doctors on certain occasions that she was not feeling headaches or back pain; this is not a clear and convincing reason to discount her credibility.

Plaintiff's testimony that she was able to perform part-time work is also not, by itself, a clear and convincing reason for discounting her testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (That Lingenfelter, after the relevant time period during which he claimed to be disabled and facing difficult economic circumstances, tried to work for nine weeks and, because of his impairments, failed, is not a clear and convincing reason for [an adverse credibility finding]."). Defendant cites *Bray*, 544 F.3d at 1127, in which the court ruled that the claimant's testimony that she recently worked for two years weighed against her credibility. In that case, however, the court also relied on four additional reasons cited by the ALJ for discounting the claimant's credibility, and ruled that all the reasons taken together constituted clear and convincing reasons. Here, Plaintiff testified she worked part-time for only two weeks in 2005 and for two days at a temporary agency in 2006. (TR 988). She also testified she worked full time for three months, but the ALJ did not cite that testimony as a reason for discounting her credibility. This testimony may have been a clear and convincing reason for discounting her credibility, but because the ALJ did not indicate it was a reason, the Court will not consider it. *See Orn*, 495 F.3d at 630. Because the ALJ failed to provide clear and convincing reasons in support, the ALJ erred in finding Plaintiff's testimony not fully credible.

**IV.    Remedy**

The Court "should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are not outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). If discounted evidence discussed above is credited, it is clear that Plaintiff is disabled.

Accordingly,

**IT IS ORDERED** the Plaintiff's requested relief (Doc. 1) **IS GRANTED**. The decision of the Social Security Administration is reversed, and this case is remanded to the Commissioner for Social Security for an immediate award of benefits.

DATED this 10th day of September, 2010.

_____
Roslyn O. Silver
United States District Judge